Good morning, Honorable Justices. It's a pleasure to be here today. My name is Gerald Madison and I represent the interests of Joshua Spuehler, who is now deceased, and other teenage drivers like him. As most people, a lot of us, we have had teenage children in our families and we've recognized the dangers that are associated with teenage driving. And recently, many legislatures across the country have recognized this danger also by making laws that prevent 16-year-olds from driving with other 16-year-olds. And at the time that this incident happened, that wasn't the case. I remember interviewing children who were driving my daughter before I would let her drive with other students. And the school system in Carson City also recognized this danger, as did the legislature back in the 1970s. And they made regulations and they talked about how it was necessary to prevent this epidemic from continuing. And that's what didn't happen in this case, is that a teacher who was in a position of power, her name was Karen Chandler, she did not honor what she was supposed to do. She did not protect those children. She said in her deposition, she said that she was aware of the rules that said that students were supposed to be driven by professional drivers and that students were not supposed to be driven by other students. She recognized that. Kagan. Counsel, can I just cut to the quick here? This is not a removed case, is it? It's not a what? You didn't, this case wasn't removed from State court to Federal court? No. Okay. So you are claiming that there is a violation of Federal law here? Yes, a constitutional right was violated. Can you just explain why that is so, in light of the fact that everything that you have talked about is quintessentially or quintessentially matters of State law? Well, I would like to refer the Court to Kennedy v. City of Ridgefield, and that is a more recent case that has discussed some of the past cases on this issue. Joshua Spieler had a right to life and liberty, and he lost his life, and it was a result of the abuse of power. Karen Chandler had the power. Well, it was a result of violation of State laws designed to protect drivers like or teenagers. Yes. It was a violation, but it was some of the ---- Because Karen Chandler was a teacher, and she had her students, she told her students about a opportunity to go to and perform as a class in Genoa for the sesquicentennial celebration. She, at the same time offering this opportunity, she tried to stand back into the wings and say, okay, I'm not part of this because I don't have time for it. And she knew she didn't have time for it because, in the month of May, the school didn't allow transportation available for the ---- for any class project. She knew that. And yet she makes this offer to the children, and then she continues to meddle with this. It's listed on the agenda that it's the Carson City drama class. Well, that may be a tort. Well, you're ---- She may have been acting negligently or improperly, but how does that become a due process violation? She alleges that she had qualified immunity. And the Kennedy case was very similar on the facts if you look at it in the form of power and abuse of power. She alleges that she wasn't part of it, but yet she was. She had ---- she was in a position of power. Teachers are like that. Is every teacher who says to their students, we're going to go on an outing to the museum, or we're going on a field trip to such-and-such a place, and they ---- and some ---- there is some ---- something that happens along the way, what ---- is that a violation of substantive due process? No, I don't believe that that is. What distinguishes this case? The difference is that she was aware of the fact that this was dangerous. She was aware of the rules. She denied. She said she didn't know it was dangerous, but that's unbelievable. Well, what that sounds like to me is a distinction between perhaps ordinary negligence and even more negligence. But I don't understand how that alters negligence to a constitutional violation. Well, let me refer briefly. I guess the question is, was it outrageous? Was this something that was more than mere negligence? And was it deliberate indifference? Maybe in a State court you could get punitive damages. But is the distinction between mere negligence and gross negligence? Well, I don't even think it's that much, but she actually put her children ---- and there were other classmates injured in this car accident also. They were all from the same class. She went beyond just negligence. She put them in a position of danger. Had she followed the rules or had she done what she was supposed to have done, they would not have been put in that position of danger because they would have been driven by drivers who were qualified. They were being driven by a 16-year-old girl. And that's pretty outrageous. I mean, we get used to the idea of children being injured in car accidents, but it's an epidemic, and it's been going on for a long time. I think in the Kennedy case, they talk about a known danger with deliberate indifference for personal safety. That's what happened here. She knew about it, and she was indifferent about it. She just kept standing back. She went to the school. She let the students in to get their costumes. She evaluated the performance. She was there for the entire performance. And I know that Mr. Balkenbush will say, well, does every child who's informed by their teacher that they should go to a play, are they going to be liable for this? And I think that in view of the school policy, that when you tell your students about something and there is the opportunity to bring in the school policy, they should warn their students. I mean, we've done away with that to a large extent because the statutes in the States now prevent students from driving other students. They've had to go farther because things like this continue to happen. If you'd like to reserve some time for rebuttal, we can do that as well. Thank you. Good morning. May it please the Court. My name is Steve Balkenbush. I represent the Carson City School District. My privilege to do so, I should say. And a wonderful teacher, Karen Chandler. And I would just offer to this Court a basic fact pattern in this matter, and that is a devoted teacher who provided an opportunity for her kids to go to perform a drama event in Genoa, Nevada. She heard of it from a friend that's uncontroverted. She told her kids, if you want to do it, this is an opportunity. Counsel, for our purposes, we have to view the facts in the light most favorable to your opponent, correct? That's correct, Your Honor. There's no question about that. But, Your Honor, how we get from a teacher in a parking lot providing costumes to her students to the due process clause of the Fourteenth Amendment is dumbfounding in this matter. As this Court is aware, the due process clause is phrased as a limitation on the State's power to act. That's what it is. It's set there so that the State can't tromp on people. It was intended to prevent government from abusing its power or from employing it as an instrument of oppression. That's what the due process clause is. Pardon me, Your Honor. Is there a point beyond negligence where deliberate indifference by a schoolteacher could support a claim? And if so, where is that line? Your Honor, I don't think there is. I mean, this circuit has determined that under the due process clause that, as I stated, it's a limitation on the State's power, but under this circuit's decision, the mental state or the standard of care that's required to state a due process claim under the State-created danger exception that's been talked about by the circuits, not necessarily approved by the Supreme Court. But gross negligence isn't even enough. Well, what about the State knowingly permitting a teacher to beat children and lock them in closets, and that conduct leads to the death of the child? Your Honor. Is that at least a pretty close case there? Certainly. That's a pretty close case there, Your Honor. But that's because the State-created danger exception has the two components that the State affirmatively places an individual in a position of danger. That's number one that has to be shown. And in that case, you've got a teacher or someone that you just said putting someone in a closet or beating them. That's the affirmative part. We have none of that in this case. There wasn't anything affirmative done by this teacher. She was kind enough to let the kids use the costumes, but there is no evidence viewed in light favorable to the plaintiffs that she did anything with respect to assigning kids to travel in cars. Oh, she did. I mean, would that make it if she said, all right, you kids, you've got the cars in the parking lot. We're going on a field trip, and there are no buses available. It's a poor school district. You get in the car. It wouldn't change a thing, Your Honor. It wouldn't change that fact patent. It wouldn't change a thing. There would still be no liability under the Due Process Clause because she didn't affirmatively place them in any danger of being their burden of proof. In this case, to show that she knew where the kids were going, who was taking them, and what type of driving habits the individual had. There isn't any evidence of that. She played no part in that, nor did the school district play any part in that either. Is there any indication as to whether this was a one-car accident? Your Honor, there is. It was a head-on collision. The teenager that was driving the car lost control of her vehicle and entered the westbound lane when she was traveling eastbound, and that's what caused the accident and caused the tragic loss of life in this situation. So, Your Honor, this simply is not a set of facts where you have a teacher that affirmatively or public servant affirmatively places a person in a position of danger. Then the second component of a due process claim is you have to show the standard of fault that's this deliberate indifference, this very stringent standard this Circuit has announced. And that is that you acted in deliberate indifference to a known or obvious danger. No evidence of that in this case whatsoever. How can they prove the case when Karen Chandler didn't even know who the children were traveling with? She just simply made the costumes available, provided an opportunity for them. A friend of her invited them to do that, and that's all that she did. And the standard of fault has been pronounced by this Circuit, even in its most recent case that's talked about by counsel, the Kennedy case. The standard of fault is a stringent standard of fault. Its gross negligence isn't even enough. You have to act with deliberate indifference to a known or obvious danger. The other thing I would just like to briefly comment on, Your Honor, is this idea of qualified immunity. Karen Chandler's entitled that in this case. Certainly in this matter, there was no constitutional right that was violated. That's the first prong of the Saussure case. Are you arguing that no State law was violated either? Oh, absolutely, Your Honor. I think if this case ever finds its way to the State court system, I don't think there was any State law violated. But for purposes of viewing the case in a light most favorable to the plaintiff. Yes. Surely there was a – we have to assume that there was some violation of the State policy requiring – saying that there ought to be buses. No, Your Honor. There was not. This simply was not a school function. The only time that that applies, any State laws requiring transportation of students has to be a school function. This was no different than if one of your children is going to go to a – go see some guest speaker. The President comes to the City of Reno, which he happened to do during the last election, and you send the kids there. You say you go there. It would be a good thing for your history class to go see this. And they go. They're told about it, and they go. And if you're going to attach liability – and this is a State liability, but constitutional liability simply doesn't attach. Well, I – you know, I have some problem with the notion that teachers can encourage their children to go to an event, their students to go to an event with the expectation that this is going to help them do better in class and be good for their understanding of history to go see the President. I would think that's true. And then say, oh, but it's not any kind of school-sponsored event, so therefore we don't have to provide – there's no protection under State law for them. Right. I don't – Well, Your Honor – Do you have to go that far? Well, Your Honor, in the State of Nevada, it does go that far because under Chapter 41, 41032, which has been briefed in this case, if a State actor exercises discretion, then they are immune from liability for exercising that discretion. And certainly a teacher has the discretion to tell children or students about certain events. If we're going to create a State tort – this is really before this Court. This is a State issue, State tort question. But, Your Honor, for teachers to be hamstrung and chilled to the point that they can't even tell their children of events without believing they might suffer repercussions of some type of liability for that is taking the tort law, I think, of – certainly of the State of Nevada too far. But we're not there in this case. We're here with the Due Process Clause. We're here about the State affirmatively creating a dangerous condition and a State actor acting with deliberate indifference to a known safety problem, and we don't have that. That's simply – there's no constitutional tort here. The Fourteenth Amendment, the Due Process Clause, are not remotely offended or even touched. But they're in the State of Utopia, and the State tort is that any time that the school – that a teacher proposes that students attend off – suggests that students attend off-campus activities that are in any way related to the class – to the subject of the class that is being – that the teacher teaches, that they have to provide transportation. And they don't. They let the students drive themselves. Now, what is your position there? Well, Your Honor – State law is clearly violent. Right. In the State of Utopia that you just talked about, there's a State law that requires the children to be transported when the teacher mentions to them an activity. Under that case, there would be a violation of a law. Now, is that a violation only of State law, or is that a violation also of substantive – Your Honor, that would be a violation of State law, not Federal law, because there's no contravention of the Fourteenth Amendment. There's no – again, State is not the And they're not – under that, they're not the party that's created the dangerous condition. They're not affirmatively placing them in that position. So I don't think there would be – I don't think the Fourteenth Amendment would be offended under those facts that you've stated either, Your Honor. There may be a State tort claim, but I don't think the Fourteenth Amendment – again, the Fourteenth Amendment is intended to provide protection against oppression or the government being the moving force behind something. In the scenario you've just given me, that simply is not the case. The teacher is the State, so far as the children are concerned. Well, Your Honor, the teacher is the State under the circumstances, but they're not the moving force in terms of who caused the harm in that case. Whatever happened, the accident or whatever circumstances would pertain to that would be the cause and effect or the proximate cause of that action. Thank you, Your Honor. Thank you, Your Honors. To answer the question, maybe I didn't answer it exactly, but in the Kennedy case, they allege that her Fourteenth Amendment right to substantive process was by placing her in a known danger with deliberate indifference to her personal physical safety. That is exactly what happened in this case. Can you cite to the Kennedy case? I have it as – it's a – it's a recent case, March 7th, 2006, and it's – we  believe that that is exactly what happened in this case. Karen Chandler was the ring leader. She gathered her class together, and she set them off, and she pointed them in the direction and basically says, you can get there however you want. And she knew that these kids were dangerous. Every time she went out into that parking lot when the kids were leaving after school, it's a mess. And she saw how badly those kids drove, and she had kids of her own. And yet she protested. She said, well, I don't know that a 16-year-old is any more dangerous than a 25-year-old driver. She argued with us in her deposition. And he thinks the lady does protest too much. Thank you. Thank you. The case has already been submitted for decision. We'll hear the next case, which is United States v. Lynn.
judges: Schroeder, Graber, Duffy